Opinion issued September 12, 2002










 






In The

Court of Appeals

For The

First District of Texas






NO. 01-01-01046-CR

____________


CRUZ SANCHEZ, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 886,308






O P I N I O N

 Appellant, Cruz Sanchez, and his co-defendant, Freddie Sanchez, (1) were tried
together for the offense of aggravated robbery. The jury found appellant guilty and
assessed his punishment at 10 years confinement. In four points of error, appellant
argues that the trial court erred in failing to suppress the complainant's out-of-court
and in-court identifications of Freddie Sanchez and that the evidence was legally and
factually insufficient to support his conviction. We affirm.

Facts


 Albertino Flores, the complainant, testified that he operates a courier service
out of his apartment transporting money and mail from Houston to El Salvador. At
about 6:30 a.m. on August 29, 2000, as Flores was leaving for the airport, he was
robbed at gunpoint when three men forced their way into his apartment. Flores was
pistol-whipped several times, and one of the assailants struck him on the head while
another hit him on the side of the face, breaking his teeth. Flores was knocked
unconscious, and, when he regained consciousness, a friend took him to a police
station. He was later taken to a hospital. When Flores returned to the apartment, he
discovered that a briefcase containing $33,762 he was going to transport to El
Salvador was missing. The briefcase was never recovered.

 About two months after the robbery, on two different occasions, Flores saw a
man he believed to be one of the robbers at an apartment complex. Flores notified the
police and, in a police lineup, he identified the man, later determined to be Freddie
Sanchez, as the man who pistol-whipped him. In another police lineup, Flores
identified appellant as the man who struck him on the side of the face. At trial, Flores
identified appellant and Freddie Sanchez as two of the men who robbed and beat him.

 Irma Romero testified, with the assistance of a Spanish translator, that she was
working with Flores in his apartment on the day of the robbery. When Flores opened
the door to leave for the airport, three armed men pushed their way into the apartment
and demanded money. One of the robbers hit Romero on the arm and then forced her
to lie face down on the floor of the bedroom. Romero testified she only saw
appellant's face during the robbery and could not identify the other men. Romero
told the men where the money was, and they left. After the robbery, Flores left with
a friend to go to the police, and Romero stayed at the apartment. When the police
arrived, she told them what had happened. She described the robbers as "morenos,"
or "dark-skinned Hispanic men."

 Houston Police crime scene investigator Lorenzo Verbitskey testified that no
usable fingerprints were obtained from the apartment. Photographs taken by the
police showed gloves in the apartment. Romero testified the gloves were not present
before the robbery, but she could not remember whether the robbers wore them.

 Appellant's ex-wife, Elsi Lopez, testified that, in August 2000, she lived in an
apartment with appellant and his brother. Lopez testified that, at the time of the
robbery, appellant and his brother were asleep in their apartment. She specifically
remembered the day of the robbery because it was her father's birthday and because
she was pregnant and had an appointment with her obstetrician that day. On cross-examination, Lopez admitted she never provided any alibi information to the
authorities prior to trial.

Identification of Co-defendant


 In point of error one, appellant argues the trial court erred in not suppressing
Flores's out-of-court identification of Freddie Sanchez because the lineup procedure
was improperly suggestive.

 Prior to their trial, the trial court conducted a hearing on Freddie Sanchez's
motion to suppress the out-of-court identification of him by Flores. The motion was
argued, and all witnesses presented at that hearing were questioned, solely by counsel
for Freddie Sanchez. At the conclusion of the hearing, the trial court overruled the
motion.

 Appellant did not file a separate motion to suppress Flores's out-of-court
identification of Freddie Sanchez. However, appellant asserts he has preserved this
point of error for review by joining in the motions and objections lodged by counsel
for Freddie Sanchez. We disagree.

 On the first day of trial, counsel for Freddie Sanchez presented a motion for
mistrial, based on an alleged violation of rule 614 concerning the two complaining
witnesses. See Tex. R. Evid. 614. (2) At that time, counsel for appellant stated to the
trial court as follows:

 First of all, I would like to, of course, be included in [Freddie Sanchez's
counsel's] motion and for purposes of the rest of the trial I would like
to officially be included in any motion, any objection that he makes so
that I do not have to get up and continue to repeat each motion and each
objection.


(Emphasis added.) The record is clear that appellant's counsel joined in a motion for
mistrial, not the pretrial motion to suppress identification. Counsel for appellant did
not file a motion to suppress the identification and did not attempt to join in any
motions or objections urged by counsel for Freddie Sanchez until after the pretrial
motion to suppress the identification had been denied. Further, the record indicates
appellant's counsel requested only to join in all future motions and objections.

 At trial, appellant made no objection to Flores's testimony concerning his out-of-court identification of Freddie Sanchez. Thus, appellant has failed to preserve
error, if any, for review. Tex. R. App. P. 33.1.

 We overrule point of error one.

 In point of error two, appellant argues that the trial court erred in not
suppressing Flores's in-court identification of Freddie Sanchez as a product of
Flores's out-of-court identification. Appellant made no objection to Flores's in-court
identification of Freddie Sanchez. Thus, he has failed to preserve error, if any, for
review. Id.

 We overrule point of error two.

Sufficiency of the Evidence


 In points of error three and four, appellant argues the evidence was legally and
factually insufficient to support his conviction because "the testimony by the State's
witnesses incriminating appellant was not credible." Appellant does not contest the
individual elements of the offense, but he challenges his identity as one of the
robbers.

 A legal sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000).

 Viewing the evidence concerning the identity of the robbers in the light most
favorable to the prosecution, at trial, both Flores and Romero identified appellant as
one of the men who beat and robbed them at gunpoint on August 29, 2000. We hold
that, based on the evidence presented, a rational jury could have found beyond a
reasonable doubt that appellant was one of the robbers.

 We overrule point of error three.

 In reviewing the factual sufficiency of the evidence, we examine all the
evidence neutrally and ask whether proof of guilt is so obviously weak or greatly
outweighed by contrary proof as to indicate that a manifest injustice has occurred. 
King, 29 S.W.3d at 563. We will reverse the fact finder's determination only if a
manifest injustice has occurred. Id. In conducting our analysis, we may disagree
with the jury's determination, even if probative evidence supports the verdict, but we
must avoid substituting our judgment for that of the fact finder. Id. What weight to
give contradictory testimonial evidence is within the sole province of the jury,
because it turns on an evaluation of credibility and demeanor. Cain v. State, 958
S.W.2d 404, 408-09 (Tex. Crim. App. 1997). A jury decision is not manifestly unjust
merely because the jury resolved conflicting views of evidence in favor of the State. 
Id. at 410.

 Viewing all the evidence concerning the identity of the robbers neutrally, we
note that no usable fingerprints were obtained from the apartment. Appellant's ex-wife testified that appellant and his brother were asleep at home at the time of the
robbery. Houston Police Officer Roger Chappell testified that Flores described the
three robbers as "morenos." Officer Chappell, who does not speak Spanish, admitted
that in his report he initially translated the word "morenos" as referring to African-Americans rather than "dark-skinned Hispanics." Romero testified that she described
the robbers as "morenos" and explained that, when she did so, she was referring to
dark-skinned Hispanic men, not African-Americans.

 The jury was entitled to resolve conflicts in the testimony based on its
evaluation of the witnesses' credibility and demeanor. Cain, 958 S.W.2d at 408-09. 
Based on the record, we hold the evidence was factually sufficient to support
appellant's conviction. We overrule point of error four.

Conclusion


 We affirm the judgment of the trial court.


 

 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Radack.


Do not publish. Tex. R. App. P. 47.
1. Freddie Sanchez is appellant's brother.
2. The motion for mistrial was denied, and this ruling is not appealed.